DUFFY v. LONG ISLAND R. CO. (No. 7214.)

(Supreme Court, Appellate Division, First Department. May 7, 1915.)

CARRIERS ⊕⟶320—CARRIAGE OF PASSENGERS—INJURIES—ASSAULT.

Where a passenger refused to accept an uncurrent coin from defendant's ticket seller as change on the purchase of a ticket, demanding a good coin, which the ticket seller refused to give him, and was forcibly removed from the ticket seller's window, the reasonableness of plaintiff's demand and the extent of his damages were for the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315–1325; Dec. Dig. ⊕⟶320.]

Appeal from Trial Term, New York County.

Action by James J. Duffy against the Long Island Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Edgar J. Treacy, of New York City, for appellant.
Edward Kelly, of New York City, for respondent.

SCOTT, J. The case made by the plaintiff's evidence, which, for the purposes of this appeal, must be accepted as true, is that plaintiff went to defendant's station in the city of New York with a view to becoming a passenger on defendant's railway. He went to the ticket office in the station and purchased a ticket, receiving from the ticket seller change for the bill which he gave in payment of his fare. Included in the change was a "plugged" or uncurrent coin. Plaintiff insisted on receiving a good coin in its place, but the ticket seller refused to give him such a one, apparently without any good reason. After a short dispute on this point the ticket seller called a person in uniform in defendant's employ, who forcibly removed plaintiff from his place in front of the ticket seller's window. It is perfectly clear that this presented a case for submission to the jury. Gillispie v. Brooklyn Heights R. R. Co., 178 N. Y. 347, 70 N. E. 857, 66 L. R. A. 618, 102 Am. St. Rep. 503; Palmeri v. Manhattan Railway Co., 133 N. Y. 261, 30 N. E. 1001, 16 L. R. A. 136, 28 Am. St. Rep. 632; Dwinelle v. New York Cent. & H. R. R. R. Co., 120 N. Y. 117, 24 N. E. 319, 8 L. R. A. 224, 17 Am. St. Rep. 611. It may be that plaintiff was unreasonable in his insistence upon receiving a good coin, or that his damages from the assault were inconsiderable; but those were matters for the jury to consider.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.